STUCKEY *v.* SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY.

When, in the trial of an action against a corporation for malicious prosecution, it appeared that the prosecution complained of had been instituted against the plaintiff by a person in the employment of the defendant, and that this was done not merely upon the advice but by the direction and order of an attorney at law who was, for this identical purpose, the agent and representative of the defendant, and where the evidence unequivocally showed that the above-mentioned agent in causing the prosecution to be instituted acted in good faith upon information given him by three or more persons whose statements, if true, made a plain and manifest case against the plaintiff, there was no error in directing a verdict for the defendant; and this is true even though one of the persons upon whose statements the attorney acted, and who swore out the warrant against the accused, did after so doing express to the latter a belief in his innocence.

Argued October 26, Reargued December 18, 1897.— Decided January 19, 1898.

Action for damages. Before Judge Sweat. Ware superior court. July 15, 1897.

*Toomer & Reynolds* and *Leon A. Wilson,* for plaintiff.
*Erwin, duBignon & Chisholm* and *S. W. Hitch,* for defendant.

SIMMONS, C. J. Stevens was a detective in the employment of the S., F. & W. Ry. Co. One Corbett reported to him that certain persons had agreed to break into one of the cars of the

company upon a certain night. Stevens, with Westberry, a policeman, and Hall, the assistant baggage-master and night-watchman of the company, went to the yard of the company and discovered that the car had been opened and that two or more persons were in the car. One of these men they claimed to have recognized as Stuckey, the present plaintiff in error. He jumped from the car and escaped. Upon the following day Stevens carried Corbett and Hall to Simon W. Hitch who was attorney for the railway company at Waycross where the alleged crime was committed. Corbett told Hitch of his information as to the agreement to rob the car. Stevens and Hall told him that the car had been broken open, and that they had recognized Stuckey as one of those who had jumped from the car and escaped. On this statement of facts, Hitch advised and ordered Stevens to sue out a warrant against Stuckey. The warrant against Stuckey was sworn out, and Stuckey was arrested, carried before a magistrate, committed, and required to give bond for his appearance at the superior court. At that court he was indicted. After several continuances by Stuckey, he was finally tried and acquitted. He thereupon brought suit against the railway company for malicious prosecution. After the evidence in this latter case had been submitted to the jury, the trial judge directed a verdict for the defendant, the railway company. Upon this trial Stuckey testified that the charge against him was false and that he was not at the car that was broken open but was at his home at the hour the robbery was alleged to have been attempted. Other evidence of his alibi was submitted. Also, the testimony of a former employee of the company, to the fact that Stevens had consulted with him before suing out the warrant, and that he had advised him that, in his opinion, the evidence was not sufficient to convict Stuckey. It was also in evidence that, after Stuckey had been arrested and had given bond for his appearance in the superior court, Stevens told Stuckey that he (Stevens) did not think Stuckey guilty, but had sworn out the warrant upon information derived from others. Stevens denied making any such statement, and Westberry, the policeman, and Hall testified to the same state of facts which they

had given Mr. Hitch when he authorized the suing out of the warrant.

The mere fact that a person has been charged with a criminal offense, and has, upon trial therefor, been acquitted, does not give him a right of action against the prosecutor. He must go further and prove that the prosecution was instituted with malice and without probable cause. Unless he shows this, his action must fail. However innocent he may have been, unless he was prosecuted with malice and without probable cause, he can not maintain his action. If he shows a total want of probable cause, malice will be inferred without proof. Applying these rules to the present case, it is clear to our minds that the court did not err in directing a verdict against the plaintiff. It seems to us that the evidence showed strong probable cause for the institution of the prosecution. Hitch was the representative of the company in all its legal business in the city of Waycross. The detective testified that he did not sue out the warrant until he had submitted the evidence to Hitch. Hitch testified that the witnesses brought before him testified in the criminal case and in the trial of this case to the same state of facts which they gave him when he authorized the warrant to be sued out. If the statements made to him were true, or if at the time he believed them to be true, he was, in our opinion, fully justified in authorizing the prosecution, although the jury did, in the trial of the criminal case, acquit Stuckey. If a prosecutor is informed by credible witnesses of the commission of an offense against the laws of the State, and institutes a prosecution on the faith of this information, he can not be mulcted in damages because of the acquittal of the accused in the criminal case. As said by this court in the case of *Rigden* v. *Jordan & Stewart*, 81 *Ga.* 668: "Under the laws of this State, it is not required of a prosecutor to be fully satisfied of the truth of the charge; nor is it required of him to guarantee a conviction upon the charge which he makes against the person accused; if he have probable cause for an arrest, he is authorized by law to have it made."

It is argued in this case, however, that the fact that Stevens, employed by the company as a detective, after the issuance of

the warrant admitted to Stuckey that he did not believe him guilty, shows malice and a want of probable cause.    If Stevens had been the only witness against Stuckey and had prosecuted him of his own motion, this argument might be of weight. But the evidence shows that Stevens was not the only witness and that he did not prosecute Stuckey of his motion.    As before remarked, Mr. Hitch represented the railway company and authorized the prosecution.    Stevens did not tell him that he had any doubt as to the guilt of Stuckey, but on the contrary informed him that Stuckey was the guilty party.    Even had Stevens told Mr. Hitch that he had doubts of the guilt of Stuckey, there were two or more other witnesses brought before him upon whose testimony he could have relied in authorizing the issuance of the warrant.    The evidence shows that Mr. Hitch acted in good faith.    While it is true that, under the code, the advice of an attorney does not relieve the client of liability, the evidence shows that Mr. Hitch acted in a dual capacity,—as counsel for the railway company and as its representative.    As counsel his opinion was that the evidence was sufficient to convict.    As the representative of the company he ordered the prosecution.    Stevens would not sue out the warrant until he had consulted Mr. Hitch and had been instructed by him to do so. Thus the prosecution was really instituted at the instance of Hitch, and no one can doubt after reading the evidence that he had abundant reason for so doing.    If Stevens, after the warrant had been sworn out, made to Stuckey the statements which the latter claims were made, that fact could not possibly affect the good faith of Hitch, and Hitch acted, as we have seen, as the representative of the railway company in this matter.

The plaintiff having utterly failed to show either malice or a want of probable cause, and the defendant having clearly shown that there was no malice and that there was probable cause for the prosecution, the court below did not commit error in directing the jury to find for the defendant.

*Judgment affirmed.    All the Justices concurring.*