## 10373. THORNTON *v.* STORY.

JENKINS, P. J. 1. The assignment of error upon the exceptions pendente lite, taken to the overruling of the defendant's demurrer, not having been argued by counsel, will be treated as abandoned.

2. In order to recover in an action for malicious prosecution, it must appear that the criminal prosecution has terminated in favor of the plaintiff, and the burden is on him to show that it was maliciously carried on, and that it was without probable cause. Civil Code (1910), §§ 4439, 4446; *Wilcox* v. *McKenzie*, 75 *Ga.* 73; *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238 (12 S. E. 361); *Seamans* v. *Hodge*, 105 *Ga.* 159 (31 S. E. 156); *Grist* v. *White*, 14 *Ga. App.* 147, 151 (80 S. E. 519); *Turner* v. *Davison-Paxon-Stokes Co.*, 22 *Ga. App.* 403 (95 S. E. 1001); *McElreath* v. *Gross*, 23 *Ga. App.* 287 (98 S. E. 190).

3. "Want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." Civil Code (1910), § 4440. The mere fact that the prosecution was abandoned, or that the person charged with a criminal offense has, upon trial therefor, been acquitted, is not sufficient to prove malice or want of probable cause.

*Joiner* v. *Ocean Steamship Co.*, supra; *Stuckey* v. *Savannah Railway Co.*, 102 *Ga.* 782, 784 (29 S. E. 920).

4. While the want of probable cause will not be inferred from the fact that malice on the part of the prosecutor is shown to have existed, yet the proof of a total lack of probable cause may be sufficient to authorize a rebuttable inference establishing the existence of malice. Civil Code (1910), §4444; *Hicks* v. *Brantley*, 102 *Ga.* 264 (29 S. E. 459); *Stewart* v. *Mulligan*, 11 *Ga. App.* 660 (3), 661 (75 S. E. 991).

5. The fact that the prosecution was instituted on the advice of counsel is a circumstance which may be considered by the jury in passing upon the questions of malice and want of probable cause (*Stewart* v. *Mulligan*, supra); and while it is a good defense that the prosecution was instituted in good faith upon the advice of the solicitor-general that the facts as stated constitute an indictable offense, when such advice is based upon a true statement of all the facts known to the prosecutor, even though on the trial under the indictment it appears that the facts as stated do not constitute a crime and that the accused was not in fact guilty of any offense (*Hicks* v. *Brantley*, supra), yet the advice of the State's attorney is no defense, unless it is given after a full, fair, and complete statement by the prosecutor of all the facts known to him relating to the alleged offense. *Baker* v. *Langley*, 3 *Ga. App.* 751 (3) (60 S. E. 371).

6. Applying the foregoing principles of law to the facts of this case, it was for the jury to determine from the evidence whether the defendant instituted the prosecution in good faith, or maliciously and without probable cause. No error of law is complained of. It can not be said that the verdict in favor of the plaintiff is without any evidence to support it; it has the approval of the trial judge, and this court does not feel authorized to set it aside.

*Judgment affirmed. Stephens and Smith, JJ., concur.*
DECIDED NOVEMBER 26, 1919.

Action for malicious prosecution; from city court of Elberton—Judge Tutt. February 11, 1919.

*Z. B. Rogers,* for plaintiff in error.

*J. T. Sisk,* contra.