## 15179.   O'BERRY *v.* DAVIS.

LUKE, J. 1. In an action for damages for an alleged malicious criminal prosecution, the controlling issues are (1) whether the prosecution was carried on maliciously, and (2) whether it was carried on without any probable cause. Civil Code (1910), § 4439; *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238 (12 S. E. 361); *Thornton* v. *Story*, 24 *Ga. App.* 503 (2) (101 S. E. 309).

2. Evidence is relevant when it relates to the questions being tried by the jury and bears upon them either directly or indirectly. Civil Code (1910), § 5744.

3. Applying the foregoing principles to the facts of this case, the plaintiff having introduced in evidence a copy of the indictment alleged to have been maliciously procured, together with an order of the court thereon, establishing the same as an office paper in lieu of the lost original, and an order of nolle prosequi entered upon the established copy, the court did not err in permitting the defendant to show, by parol, that the established copy was prepared by counsel for the accused, that there was a material variance between it and the original indictment, and that, after being so established, it was nolle prosequied solely because of that variance. Civil Code (1910), § 5312.

(*a*) Such parol evidence was admissible, not for the purpose of varying or attacking the written record in the criminal case, but for whatever it might be worth to the jury trying the civil case in passing upon the real issues before them. The different rule, applicable to proceedings to enforce such established copies, with no change in the nature of the case or of the parties thereto, and with remedies available for the correction of such errors, is, for reasons which are palpable, not in point here. In *Torrent* v. *Butler*, 67 *Ga.* 32, and *Branson* v. *State*, 99 *Ga.* 194 (29 S. E. 404), the proceedings were of the latter character.

4. In a case of the character first above indicated, where it appears that the indictment was for the offense of larceny, that the original indictment designated one person as the owner of the property alleged to have been stolen, and that the established copy designated a different person as such owner, proof that, at the time the original indictment was drawn, the prosecutor and his witnesses told the draftsman to designate as such owner the person who was therein so designated, is not subject to the objection that it is hearsay evidence. Such evidence was admissible to explain the conduct and ascertain the motives of both the prosecutor and the draftsman of the indictment at the time it was being drawn for and considered by the grand jury. Civil Code (1910), § 5763.

5. The grounds of the motion for a new trial not dealt with above are without substantial merit. The complaint that one of the jurors was related to the defendant within the prohibited degree, being submitted to the court as trior, upon conflicting affidavits, and the finding of the judge thereon being authorized by affidavits offered, his finding is conclusive here. The evidence as a whole presented questions for determi-

nation by the jury; and their finding in favor of the defendant, having the approval of .the trial judge, will not be disturbed by this court.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 6, 1924.

Action for malicious prosecution; from Long superior court—Judge Sheppard. October 13, 1923.

*Travis & Travis,* for plaintiff.

*Edwin A. Cohen, Darsey & Mills,* for defendant.