## 15188.  DARNELL *v.* SHIRLEY.

LUKE, J.  1. In an action to recover damages for an alleged malicious criminal prosecution, the plaintiff carries the burden of proving not only that such prosecution was maliciously carried on, but also that it was carried on without any probable cause.  Civil Code (1910), § 4439; *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238 (12 S. E. 361); *Thornton* v. *Story*, 24 *Ga. App.* 503 (2) (101 S. E. 309); *O'Berry* v. *Davis*, ante, 755.

2. The "malice" contemplated by law in an action for malicious prosecution is the same as in an action for malicious arrest, and "may consist in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual."  Civil Code (1910), § 4451; *Waters* v. *Winn*, 142 *Ga.* 138 (1) (82 S. E. 537, Ann. Cas. 1915D, 1248).

3. While want of probable cause is sometimes a circumstance from which

malice may be inferred, yet this is so only in cases where there is a *total* want of such cause. Civil Code (1910), § 4444. And where there is no evidence of malice other than such inference as may be drawn from proof of the want of probable cause, and that proof shows some circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonable hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for malicious prosecution to recover.

4. Want of probable cause is the gravamen of an action for malicious prosecution; and there can be no recovery by the plaintiff where there was any probable cause for the prosecution, even though it may appear that the prosecutor was actuated by improper motives. *Seamans* v. *Hope*, 105 *Ga.* 159 (31 S. E. 156).

5. That want of probable cause which constitutes an essential ingredient of an action for malicious prosecution exists only "when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." Civil Code (1910), § 4440.

6. In determining whether or not there was a total want of probable cause for a criminal prosecution alleged to have been maliciously carried on, the question is not whether the accused was actually guilty of the offense with which he was so charged, but the real question is whether the prosecutor had reasonable cause so to believe,—that is, whether the circumstances at the time of the prosecution were such as to create in the mind of the prosecutor a reasonable belief that there was probable cause for the prosecution. *Hartshorne* v. *Smith*, 104 *Ga.* 239 (30 S. E. 666).

7. The action of a magistrate in binding over the accused on a criminal warrant is prima facie, but not conclusive, evidence of probable cause for such prosecution. *Lindsay* v. *West*, 6 *Ga. App.* 284 (2) (64 S. E. 1005).

(*a*) The return of an indictment by the grand jury investigating the alleged offense is likewise prima facie, but not conclusive, evidence of the existence of such probable cause.

8. Proof that the accused was discharged and acquitted of the offense alleged in the bill of indictment, without a trial and upon a second demand therefor, because of the inability of the State and the prosecutor to obtain the attendance of some of the witnesses relied upon to establish the charge, serves only to show that the prosecution terminated. Even a verdict of not guilty upon the indictment would not tend to show the want of probable cause for the prosecution, because, in a trial of the indictment, such a verdict would be the only legal result in the event of a reasonable doubt as to the guilt of the accused, or of the existence of some reasonable hypothesis other than the guilt of the accused, although probable cause to suspect his guilt might be abundant.

9. Where, as in this case, there is no evidence whatever of any fraudulent conduct or improper motive on the part of the prosecutor, or of any other person dealing with the criminal prosecution, and it appears from the uncontradicted evidence that the accused was bound over by the magistrates who presided at the preliminary hearing on the warrant, that

he was subsequently indicted by the grand jury investigating it, and that there were some slight circumstances pointing to his guilt, though not enough to exclude every other reasonable hypothesis, a finding that the prosecution was malicious is without any evidence to support it. *Hartshorne* v. *Smith*, supra. In such a case the direction of a verdict for the defendant would be in order. *Stuckey* v. *Savannah, F. & W. Ry. Co.*, 102 *Ga.* 782 (29 S. E. 920).

10. Where, as in this case, the criminal prosecution was for the offense of burglary, and the evidence to establish the corpus delicti was convincing, and there were only circumstances to connect any particular person with the offense, and the circumstances to connect the accused with it tended to show that he and another person were together near the burglarized storehouse after midnight on the night of the burglary; that both men spent a part of the night in woods near by in company with two women of questionable character; that the stolen goods consisted, in part, of women's wearing apparel, some of which was shortly thereafter found hidden in the woods near the point where the party had camped; that there was some indication of the tracks of two persons leading from the road which the accused admitted traveling by automobile towards (but not to) the point where the stolen goods were found; that the burglarized store showed signs of spilled kerosene, and that the accused was using kerosene instead of gasoline to operate his automobile on the night of the burglary, the evidence demands a finding that there was probable cause for the prosecution, notwithstanding that evidence subsequently discovered might completely exonerate the accused.

11. In no view of the case was the verdict for damages in the sum of $100 authorized; and for this reason the judgment of the lower court, overruling the defendant's motion for a new trial, was erroneous.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

DECIDED MARCH 6, 1924.

Action for damages for malicious prosecution; from Gordon superior court—Judge Tarver. October 13, 1923.

*Wood & Vandiviere,* for plaintiff in error.

*J. H. Paschall, Maddox, McCamy & McFarland,* contra.

