PARRIS *et al. v.* MORRIS PLAN COMPANY OF
GEORGIA *et al.*

No. 10695. DECEMBER 10, 1935.

*Robert B. Blackburn,* for plaintiffs.

*Stephens Crockett,* for defendants.

BECK, Presiding Justice. Mrs. W. S. Parris and Robert B. Blackburn filed their petition against Morris Plan Company of Georgia and J. M. George, marshal of the municipal court of Atlanta, to restrain them from prosecuting levies made by the marshal on certain described real estate in Fulton County, levied upon as the property of one C. A. Henson. Petitioners alleged that Henson was adjudicated a bankrupt in the United States court; that among the debts which he listed were two judgments in favor of Morris Plan Company of Georgia, and among the assets listed by him were the two tracts of real estate described in this petition; that the judgments were obtained within four months next preceding his discharge in bankruptcy; that Morris

Plan Company was duly listed as a judgment creditor, and was duly served with notice that Henson was seeking in bankruptcy to be discharged of these and other debts; that Henson filed his petition setting forth that he was the head of a family, and praying that the United States court pass an order setting apart to him certain of the assets as a homestead; that this was done, and the real estate described was so set apart; that after Henson's discharge in bankruptcy and after the real estate was set apart to him as a homestead, he conveyed it to petitioners for a valuable consideration. Petitioners contend that the judgments are now null and void, for the reasons above stated.

Morris Plan Company filed its answer. At interlocutory hearing the judge denied an injunction, but suspended the order for twenty days. To this judgment the petitioners excepted.

The court did not err in refusing an injunction. This was a levy of certain fi. fas. upon lands to which petitioners assert title. If they have title, as they claim, they had the right, or have the right, to assert it by a claim, a purely legal remedy. In *Williams* v. *Smith,* 148 *Ga.* 615 (97 S. E. 670), it was held: "The judge upon hearing the evidence refused the injunction. *Held,* without deciding whether or not the deed from T. to W. would vest W. with title free from the lien of the judgment in favor of S., that the court did not err in refusing the injunction; for the petitioner has an adequate remedy at law under the statute, that is, by the filing of a claim, whereby he can have determined whether under the facts he took the title conveyed in the deed from T. to himself free from the lien of the judgment in favor of S. *Douglas* v. *Jenkins,* 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322)." Even if there were two executions each of which had been levied on a parcel of real estate, the plaintiffs were not entitled to the equitable relief of injunction. This did not involve a multiplicity of suits. Even if there were two cases, they could have been consolidated at law and tried as one case. But even if they had to be tried separately, that does not involve a multiplicity of suits. In *Mayor &c. of Gainesville* v. *Dean,* 124 *Ga.* 750 (53 S. E. 183), it was said: "Even if the issues arising out of the levy of the two executions were identical, the cases would not be within the rule above referred to. It has been said that where relief can be clearly afforded by a court of law by

an order consolidating the suits, an injunction will be refused. Bispham's Equity (3d ed.), § 417. The law requires an affidavit of illegality to the execution of the character now in question to be returned to the superior court for trial; and if it should appear that the two were identical, although the property levied on was different, the court in its discretion might consolidate the cases. We do not think the facts of the case bring it within the rule which authorizes a court of equity to interpose by injunction to prevent a multiplicity of suits." And in the same case the court ruled that an execution, even though levied, does not constitute a cloud upon the title to real estate and will not justify equitable relief to remove a cloud upon the title. The suit in equity of the petitioners in this case was improvidently brought, for no cause for equitable relief was therein set out. Even if their claim to the lands in question is good as against the executions of Morris Plan Company of Georgia, it could not be set up by injunction in a court of equity, but would have to be urged by claim affidavit as provided by law. The petitioners could have used the proper legal remedy of filing claims to the lands in execution; and as they had an adequate remedy at law, they would not under any circumstances be entitled to equitable relief. Many other cases might be cited, sustaining what we have said as to claim being the proper remedy, instead of a suit for injunction. The judgment of the court below is consequently

*Affirmed. All the Justices concur.*