25935. TANNER-BRICE COMPANY *et al. v.* BARRS.

DECIDED MARCH 11, 1937.

*G. W. Lankford, Heath & Heath,* for plaintiffs in error.
*McDonald & Baker, John S. Gibson,* contra.

BROYLES, C. J. 1. The court did not err in allowing the amendments to the petition, or in overruling the demurrers to the petition as amended.

2. "In actions for malicious prosecution, the question is, not whether the plaintiff was guilty, but whether the defendant had *reasonable cause to so believe*—whether the circumstances were such as to create in the mind of the defendant a *reasonable belief* that there was probable cause for the prosecution. Johnson *v.* Miller, 63 Iowa, 529. Probable cause is defined to be the existence of such facts and circumstances as would excite the *belief* in a reasonable mind, acting on the facts *within the knowledge of the prosecutor,* that the person charged was guilty of the crime for which he was prosecuted. 14 Am. & Eng. Enc. L. 24, and authorities cited." (Italics ours.) *Hartshorn* v. *Smith,* 104 *Ga.* 235, 239 (30 S. E. 666); *Sirmans* v. *Peterson,* 42 *Ga. App.* 707, 709 (157 S. E. 341); *Hearn* v. *Batchelor,* 47 *Ga. App.* 213 (170 S. E. 203).

3. "A right of action for a malicious prosecution exists only when the prosecution is the result of a desire to injure the accused. In such an action malice against the accused may be in-

454

ferred from want of probable cause; but *the want of probable cause will not be inferred,* even though malice is shown to have existed." (Italics ours.) *Hicks* v. *Brantley,* 102 *Ga.* 264 (29 S. E. 459); *Ventress* v. *Rosser,* 73 *Ga.* 535; *Marable* v. *Mayer,* 78 *Ga.* 710.

4. "While the Code provides that in an action to recover damages on account of an alleged malicious prosecution, 'want of probable cause shall be a question for the jury, under the direction of the court' (Civil Code of 1910, § 4440) [Code of 1933, § 105-802], yet where the material facts are not in dispute, the existence or non-existence of probable cause for the prosecution is a question of law for determination by the court. In this case, while the good faith of the person against whom the defendant instituted the prosecution alleged to be malicious may be reasonably inferred from facts and circumstances in proof, it is clear, according to the undisputed facts in the case, that there was probable cause for the prosecution; and therefore the verdict in favor of the plaintiff was contrary to law." *Woodruff* v. *Doss,* 20 *Ga. App.* 639 (93 S. E. 316). The ruling in *Woodruff* v. *Doss* was cited and approved in *Sirmans* v. *Peterson,* (supra), where this court held that the evidence did not reasonably exclude the existence of probable cause for the prosecution, and that the verdict for the plaintiff was unsupported by the evidence, and the refusal to grant a new trial was error.

5. "Want of probable cause is the gravamen of an action for malicious prosecution; and there can be no recovery by the plaintiff when there was any probable cause for the prosecution, even though it may appear that the prosecutor was actuated by improper motives. *Seamons* v. *Hope,* 105 *Ga.* 159 (31 S. E. 156);" *Darnell* v. *Shirley,* 31 *Ga. App.* 764 (4) (122 S. E. 252). In the *Darnell* case the judgment in favor of the plaintiff was reversed on the ground that the evidence demanded a finding "that there was probable cause for the prosecution, notwithstanding that evidence subsequently discovered might completely exonerate the accused."

6. "In a suit for damages for an alleged malicious prosecution, this action not being favored by the law, the evidence will be closely scrutinized; and if it appears from that testimony which is uncontradicted, and which is neither incredible, impossible, nor

inherently improbable, that there were sufficient facts before the prosecutor in carrying on the prosecution, which would warrant a conclusion by him, as a reasonable man, that the plaintiff was guilty of the offense charged, a verdict for the plaintiff will not be allowed to stand. . . [In such an action] the functions of the court and jury are clear and distinct. What facts and circumstances amount to probable cause is a pure question of law." *South Georgia Grocery Co.* v. *Banks*, 52 *Ga. App.* 1, 7 (182 S. E. 61). In the case just quoted from, a verdict for the plaintiff was returned, and this court held that it was contrary to law and the evidence.

7. "Under the laws of this State, it is not required of a prosecutor to be fully satisfied of the truth of the charge; nor is it required of him to guarantee a conviction upon the charge which he makes against the person accused; if he have probable cause for an arrest, he is authorized by law to have it made." *Rigden* v. *Jordan*, 81 *Ga.* 668 (7 S. E. 857); *Stuckey* v. *Savannah, Florida & Western Ry. Co.*, 102 *Ga.* 782, 784 (29 S. E. 920). In the *Stuckey* case the Supreme Court held, that, since the evidence showed there was probable cause for the prosecution, the court properly directed a verdict for the defendant.

8. In the instant case the undisputed evidence demanded a finding that when the defendant Atkinson (the agent of the other defendant) instituted the prosecution against the plaintiff, the facts and circumstances within Atkinson's knowledge tending to connect the plaintiff with the offense charged were sufficient to cause him (Atkinson) to believe, as a reasonable man, that the plaintiff was guilty. It is true that on the trial of this case the evidence also disclosed facts and circumstances which tended to show that the plaintiff was not guilty of the offense charged, but the evidence failed to show that such facts and circumstances were known to the defendant Atkinson at the time of the prosecution. In other words, the evidence, tending to exonerate the plaintiff, would have supported a finding that he was not guilty of the offense charged, but did not authorize a finding that he was prosecuted without probable cause. It follows that the verdict in favor of the plaintiff was contrary to law; and that the court erred in denying a new trial. As this ruling is controlling

in the case, the special grounds of the motion for new trial are not passed on.

*Judgment reversed.   MacIntyre and Guerry, JJ., concur.*