33865, 33889.   VASSER, by next friend, *v.* BERRY *et al;* and *vice versa.*

Decided February 28, 1952.

*E. J. Clower,* for plaintiff.

*Parker, Clary & Kent,* for defendants.

FELTON, J.  ■ The giving of a check to pay an antecedent or pre-existing debt, without funds in the bank, and without obtaining anything of benefit thereby, does not constitute a crime under Code § 13-9933. *Douglas* v. *State,* 80 *Ga. App.* 761 (57 S. E. 2d, 438), and cases cited. The evidence in the instant case positively shows that the check was given as payment on a pre-existing debt, that nothing of value passed at the time, and that the defendants had knowledge of this fact; therefore, even if the check had been worthless, the plaintiff committed no crime. "While a mistaken belief in regard to the facts may furnish probable cause for initiating criminal proceedings, a mistaken belief as to the legal consequences of a person's conduct does not furnish probable cause unless based upon the advice of counsel as stated in § 666. Hence if, through ignorance of the law, an accuser erroneously believes that the actual or supposed acts or omissions of the accused are such as to constitute the offense charged against him, his mistaken belief in the guilt of the accused, no matter how reasonable in a layman, does not give him probable cause for initiating the proceedings unless it was due to the advice of counsel as above stated. A layman does not act reasonably in relying, in so serious a matter as the initiation of criminal proceedings, upon the accuracy of his legal knowledge." 3 American Law Institute Restatement of Torts, § 662 j. See also 65 A. L. R. 243. The evidence showed that the defendants did not procure the advice of counsel or of the solicitor-general before having the warrant issued. The plaintiff carried the burden of proving the lack of probable cause by showing that the check was given for a pre-existing debt and that nothing of value passed at the time of the giving of the check. The defendant, Russell B. Berry Jr., who swore out the warrant for the plaintiff's arrest, testified that he thought the mere fact of giving a worthless check constituted a crime. However, the fact alone that the defendants thought that the

acts of the plaintiff constituted a crime does not show probable cause. The defendants are not permitted to set up ignorance of the law as an exemption from damages for a tort. *Harper v. Atlanta & W. P. R. Co.*, 33 *Ga. App.* 259, 265 (125 S. E. 885). Therefore, the lack of probable cause having been shown, the question of malice should have been submitted to the jury.

■ The cross-bill of exceptions complains that the court erred in sustaining demurrers to and in striking certain allegations of the answer. These allegations sought to show that the defendants called the various banks in Rome in an effort to determine whether the plaintiff had made a mistake as to which bank had her account, that they sought to get in touch with the plaintiff concerning the matter for two days prior to the issuance of the warrant, and that upon learning that the plaintiff had in fact an account in the First National Bank, they requested that the charges be dropped. By these allegations the defendants sought to show to what extent they went in ascertaining that the check was "worthless," and sought thereby to show probable cause and lack of malice in the issuance of the warrant, but, under the ruling in division 1 above, even if the defendants had proved these allegations (and actually they were allowed to introduce evidence to sustain the stricken pleading), they would not have proved probable cause. As to the question of malice, even if the check had been worthless, these facts were not proper to show lack of malice for the swearing out of the warrant for the plaintiff's arrest for acts which did not constitute a crime, and which the law holds the defendants responsible for knowing did not constitute a crime. *Harper v. A. & W. P. R. Co.*, supra.

The court erred in overruling the motion for a new trial, but did not err in sustaining the demurrers to and in striking the allegations of the answer.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Sutton, C. J., and Worrill, J., concur.*