41977. BARBER v. ADDIS et al.

FRANKUM, Judge. 1. In a suit for malicious prosecution the gravamen of the action is the want of probable cause on the part of the person instituting the prosecution. *Tanner-Brice*

*Co. v. Barrs*, 55 Ga. App. 453, 454 (5) (190 SE 676). And whether the plaintiff was guilty or innocent of the charge for which he was prosecuted is not material. *Tanner-Brice Co. v. Barrs*, supra, division 2. "The burden of proving the want of probable cause is on the plaintiff" (*Auld v. Colonial Stores*, 76 Ga. App. 329, 335 (45 SE2d 827)), and he does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor at the time of the prosecution, the prosecutor could have had no reasonable grounds for believing the plaintiff to be guilty of the charge for which he was prosecuted. *Auld v. Colonial Stores*, supra.

2. "The probable cause referred to has been defined to be, 'the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.'" *Hicks v. Brantley*, 102 Ga. 264, 269 (29 SE 459). Ordinarily the existence of probable cause is a question for the jury, but where the material facts are not in dispute, the question becomes one of law for the court. *Woodruff v. Doss*, 20 Ga. App. 639 (93 SE 316); *Tanner-Brice Co. v. Barrs*, 55 Ga. App. 453, supra.

3. Accordingly, where, as was ruled in the *Woodruff* case, supra, the undisputed facts make it clear that the prosecutor did have probable cause for the prosecution of the plaintiff, a verdict for the plaintiff would be contrary to law. In the instant case, the undisputed facts show that the prosecutor, as manager of a supermarket, received a check bearing a signature which was the same as the name of the plaintiff; that this check was cashed by an employee of the store, who testified that he knew the plaintiff and remembered cashing the check for the plaintiff; that the check upon presentation for payment was returned and not paid by the bank upon which it was drawn; and that after the defendant manager swore out the warrant against the plaintiff, he and the employee who had cashed the check for the plaintiff confronted the plaintiff, and that the employee positively identified the plaintiff as the one for whom he had cashed the check. Notwithstanding the fact that the plaintiff protested at the time he was identified that the check was not his, and that he did not make it or utter it, and notwithstanding that the

808

prosecution terminated favorably to the plaintiff, the evidence demanded the conclusion that the prosecutor had probable cause for instituting the prosecution against the plaintiff for "cheating and swindling—worthless check," and the trial court therefore did not err in directing a verdict for the defendants, the suit for malicious prosecution having been brought by the plaintiff against the manager of the store and his employer.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED MAY 2, 1966—DECIDED MAY 25, 1966—
REHEARING DENIED JUNE 9, 1966—

*L. D. Skaggs, Patrick James Rice,* for appellant.
*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* for appellees.