42750. TURNER v. BOGLE.

ARGUED MAY 2, 1967—DECIDED MAY 5, 1967.

*Glenville Haldi,* for appellant.

*Endicott & Endicott, Lucian J. Endicott,* for appellee.

EBERHARDT, Judge. 1. A motion to dismiss the appeal on the grounds, (1) that service of the notice of appeal was not per-

fected by certified mail, rather than ordinary mail, and (2) that "the record shows that defendant was not given 10 days notice of appeal as required by *Code* § 24-2616 (5)," is without merit. The provision for serving a notice of appeal, found in §§ 5 and 18 of the Appellate Practice Act of 1965, as amended by Ga. L. 1966, pp. 493, 496 (*Code Ann.* §§ 6-803, 6-902 and 70-310), appears to have been followed. If service had not been perfected a dismissal would not result; we should simply direct its perfection. Sec. 13(a), Appellate Practice Act (*Code Ann.* § 6-809). The motion is accordingly denied.

2. "In a suit for malicious prosecution the gravamen of the action is the want of probable cause on the part of the person instituting the prosecution. *Tanner-Brice Co. v. Barrs*, 55 Ga. App. 453, 454 (5) (190 SE 676). And whether the plaintiff was guilty or innocent of the charge for which he was prosecuted is not material. *Tanner-Brice Co. v. Barrs*, supra, Division 2. 'The burden of proving the want of probable cause is on the plaintiff' (*Auld v. Colonial Stores*, 76 Ga. App. 329, 335 (45 SE2d 827)), and he does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor at the time of the prosecution, the prosecutor could have had no reasonable grounds for believing the plaintiff to be guilty of the charge for which he was prosecuted. *Auld v. Colonial Stores*, supra.

" 'The probable cause referred to has been defined to be, "the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." ' *Hicks v. Brantley*, 102 Ga. 264, 269 (29 SE 459). Ordinarily the existence of probable cause is a question for the jury, but where the material facts are not in dispute, the question becomes one of law for the court. *Woodruff v. Doss*, 20 Ga. App. 639 (93 SE 316); *Tanner-Brice Co. v. Barrs*, 55 Ga. App. 453, supra." *Barber v. Addis*, 113 Ga. App. 806 (149 SE2d 833).

Shoplifting was defined in Ga. L. 1957, p. 115 (*Code Ann.* § 26-2640) to be, inter alia, the removal of goods, wares and merchandise displayed for sale "from the immediate place of

display with intent to appropriate the same to the use of the person so taking or to deprive the owner of possession thereof; or to conceal any of such goods, wares or merchandise with like intent."

The General Assembly has declared it the public policy of this state that there should be no recovery in an action for false arrest or false imprisonment arising out of the detention or arrest of one who the owner or operator (or their agents or employees) might, by reason of his conduct or behavior, have had reasonable cause to believe was shoplifting. Ga. L. 1958, p. 693 (*Code Ann.* § 105-1005). While the action here was for malicious prosecution for an alleged shoplifting, we can see no difference in the standard to be applied under the facts presented and under the authorities above cited. Owners and operators of mercantile establishments, and their employees as well, must be afforded the right to take reasonable precautions in protecting merchandise from shoplifting. It is common knowledge that losses by merchants from that cause now run greater than from any other and are on the increase.

It is clear that there was probable cause for prosecuting this plaintiff, who had been observed in the taking of the vitamin pills from the shelf, placing them in his pocket and then proceeding through the check-out station without producing or paying therefor—and apparently about to leave the store.

Another essential element which must be established to authorize a recovery in an action of this kind is the existence of malice. *Code* § 105-801; *Stuckey v. Savannah, Fla. & W. R. Co.*, 102 Ga. 782 (29 SE 920); *O'Berry v. Davis*, 31 Ga. App. 755 (121 SE 857). Both malice and want of probable cause must be established, and upon failure of the plaintiff to establish either a verdict for the defendant is demanded. It is unnecessary for us to deal with the matter of whether malice was shown in this case, since we find the existence of probable cause. A verdict for the defendant was demanded.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*