**Neal M. PATTON, Jr., Appellant,**

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH CO., Appellee.**

**No. 24296.**

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1968.

Rehearing Denied Feb. 28, 1968.

See also, D.C., 38 F.R.D. 428.

Wade H. Leonard, Rossville, Ga., for appellant.

Dudley B. Magruder, Jr., Dudley B. Magruder, Jr., Rogers, Magruder & Hoyt, Rome, Ga., for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

PER CURIAM.

This appeal is from a civil action for malicious prosecution which resulted in a judgment for defendant based upon a jury verdict.

The prior criminal action against Appellant, which resulted in his acquittal, was a prosecution by the State of Georgia based upon a warrant taken out by an agent of the Appellee upon the advice of the Solicitor General of the City Court of Colquitt County, Georgia. It was in that Court that Appellant was

prosecuted. The prosecution was for alleged fraudulent use of telephone in the making of a long distance call.

The alleged errors in the trial on which Appellant relies fall into three categories:

## I.

The Georgia statute upon which claims for malicious prosecution are based is Section 105–801 of the Georgia Code Annotated which states:

> "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damages ensue to the person prosecuted, shall give him a cause of action."

█ As a matter of law, the burden of proof with respect to malice and probable cause rest upon the plaintiff under Georgia law.

Hight v. Steely, 86 Ga.App. 137, 70 S.E.2d 886. See also: Sledge v. McLaren, 29 Ga. 64; Darnell v. Shirley, 31 Ga.App. 764, 122 S.E. 252; Sirmans v. Peterson, 42 Ga.App. 707, 157 S.E. 341.

Moreover, in this case, the record shows that by pre-trial order it was in effect agreed between the parties that the plaintiff would have the burden of proof and the right to open and close before the jury.

The foregoing clearly take this case outside those relied upon by Appellant wherein the defendant voluntarily assumed the burden of proof and claimed the right to open and close before the jury.

## II.

█ The governing Georgia Statute quoted in Section I of this opinion shows upon its face, and the case authorities support the proposition, that a plaintiff in this sort of case needs prove both lack of probable cause and malice on the part of the defendant. Thus an absolute defense can rest upon either a lack of malice or the existence of probable cause. See: Stuckey v. Savannah, Florida and Western Railway Company, 102 Ga. 782, 29 S.E. 920. O'Berry v. Davis, 31 Ga.App. 755, 121 S.E. 857.

The record reflects ample information in the hands of the Appellee before trial to support probable cause for prosecution. This information related to both the specific crime of which Appellant was to be charged and substantial information regarding the personal criminal history of the Appellant, including activity related to the specific charge in question and other practices of a fraudulent nature.

The record further reflects that, although possessed of the incriminating information, Appellee carefully sought advice of Counsel before instituting prosecution. This included both the General Attorney for the Appellee and the Solicitor General of the City Court of Colquitt County, Georgia.

 The information possessed by Appellee was competent evidence in defense to a civil action for malicious prosecution. See the cited case of Willis v. Henry, 95 Ga.App. 593, 98 S.E.2d 150 and Section 38–302, Georgia Code Annotated, which reads:

> "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence."

## III.

█ Appellant's specifications of error with regard to the jury charge, now brought forth with specificity for the first time on appeal, fail on compelling procedural grounds with nothing more. Rule 51, Federal Rule of Civil Procedure provides, inter alia,

> " * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * "

See also: Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645.

█ The evidentiary issues properly raised at the trial are equally without

merit. The introduction of evidence proving commission of a crime involving moral turpitude for purposes of impeachment is admissible under Georgia law. Green on the Georgia Law of Evidence, page 346.

The judgment below is affirmed.