43722. SANFRANTELLO v. SEARS, ROEBUCK & COMPANY et al.

ARGUED JUNE 4, 1968—DECIDED JULY 16, 1968— REHEARING DENIED JULY 24, 1968.

*Richard T. Cowan, Jerrell T. Hendrix,* for appellant.

*Conyers, Fendig, Dickey & Harris, J. Thomas Whelchel,* for appellees.

BELL, Presiding Judge. 1. On motion for summary judgment, the movant has the burden of showing the absence of any genuine issue of material fact, and the opposing party is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *International Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298). The movant "has this burden even as to issues upon which the opposing party would have the trial burden. And the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); 6 Moore's Federal Practice (2d Ed.) 2853, § 56.23.

In a suit for malicious prosecution, the gravamen of the action is the want of probable cause on the part of the person instituting the prosecution. *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453, 454 (5) (190 SE 676); *Barber v. Addis,* 113 Ga. App. 806 (1) (149 SE2d 833). "Probable cause does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution, and . . . the reasonable and probable cause must appear to have existed in his mind at the time of his proceeding." *Auld v.*

*Colonial Stores,* 76 Ga. App. 329, 335 (45 SE2d 827). Probable cause is that apparent state of facts existing after reasonable and proper inquiry; the prosecutor is under a duty of caution and avoidance of haste. Id.; *Coleman v. Allen,* 79 Ga. 637, 640-642 (5 SE 204, 11 ASR 449).

Viewed with liberal indulgence, the opposing affidavits, showing Lovitt ignored the information that the dolls had been paid for and that plaintiff's husband had a bill of sale for them, reveal an issue of fact as to whether a reasonably prudent man would have made further investigation before prosecuting. On the basis of the affidavits actually considered by the trial court it was error to grant summary judgment for defendants.

2. It is not necessary to decide whether the court erred in refusing to consider further opposing affidavits served on defendants on the day set for hearing. As to the time of filing see *Code Ann.* § 81A-156 (c) (Ga. L. 1966, pp. 609, 660, as amended).

*Judgment reversed. Hall and Quillian, JJ., concur.*