43877. MORGAN v. MIZE et al.

EBERHARDT, Judge. 1. A judgment entered upon a directed verdict not actually signed by the jury is not void or illegal. CPA § 50 (a) (*Code Ann.* § 81A-150 (a)); *Bennett v. Associated Food Stores,* post. See also *Sullivan v. State,* 29 Ga. App. 377 (115 SE 290), and cases cited.

2. (a) "In a suit for malicious prosecution the gravamen of the action is the want of probable cause on the part of the person instituting the prosecution. *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453, 454 (5) (190 SE 676). And whether the plaintiff was guilty or innocent of the charge for which he was prosecuted is not material. *Tanner-Brice Co. v. Barrs,* supra, Division 2. 'The burden of proving the want of probable cause is on the plaintiff' (*Auld v. Colonial Stores,* 76 Ga. App. 329, 335 (45 SE2d 827)), and he does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor at the time of the prosecution, the prosecutor could have had no reasonable grounds for believing the plaintiff to be guilty of the charge for which he was prosecuted. *Auld v. Colonial Stores,* supra." *Barber v. Addis,* 113 Ga. App. 806 (1) (149 SE2d 833).

(b) " 'The probable cause referred to has been defined to be, "the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." ' *Hicks v. Brantley,* 102 Ga. 264, 269 (29 SE 459). Ordinarily the existence of probable cause is a question for the jury, but where

the material facts are not in dispute, the question becomes one of law for the court. *Woodruff v. Doss,* 20 Ga. App. 639 (93 SE 316) ; *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453, supra." *Barber v. Addis,* 113 Ga. App. 806 (2), supra. Where it is clear from the evidence that the prosecutor did have probable cause for the prosecution of the plaintiff, a verdict for the defendant is demanded. *Barber v. Addis,* 113 Ga. App. 806 (3), supra; *Turner v. Bogle,* 115 Ga. App. 710 (155 SE2d 667).

(c) There was no error in directing a verdict in favor of the defendants in this action for a malicious prosecution of plaintiff for giving a worthless check in violation of *Code Ann.* § 13-9933, since probable cause appears from the facts that defendant hotelkeepers accepted the company check signed by plaintiff in payment of a hotel bill of employees of the company, upon acceptance of which the payees released their innkeeper's lien upon the employees' impounded baggage and surrendered it to them; that after the baggage was released and the employees checked out of the hotel, the check was deposited at the bank and was subsequently returned for insufficient funds; and that sometime later defendants went to the Fulton County courthouse to see what could be done about the check, explained the situation to the person to whom he was directed and then signed the warrant affidavit which the officials prepared. Cf. *Barber v. Addis,* 113 Ga. App. 806 (3), supra. Since the determination of probable cause turns upon the facts within the knowledge of the prosecutor and not upon plaintiff's guilt or innocence of the charge for which he was prosecuted, a different result is not required here because of the fact that plaintiff, unknown to defendants, may not have intended to issue the check to defendants immediately but may have put it into his filing cabinet after signing it with an intention of holding it until there were sufficient funds in the bank for it to clear, whereupon the check disappeared. Nor are cases such as *Vasser v. Berry,* 85 Ga. App. 435 (69 SE2d 701) applicable here, inasmuch as the check was not accepted in payment of a pre-existing debt and for no present consideration but instead was accepted as and for cash, whereupon the innkeeper's lien upon the baggage was released.

The testimony discloses that employees of Ace Weatherproofing Company, of which the defendant was vice president, went to the Gordon Hotel for lodging. They were without funds and

asked the hotel clerk to call Ace's manager, which was done, and he committed the company to payment of the bill for lodging. The hotel sent Ace a statement for their lodging, but when the money did not come back forthwith, baggage of the employees was impounded under the innkeeper's lien. Shortly afterward the check was brought in by somebody, delivered to the clerk, and the baggage was released. The check was deposited but returned by the bank for insufficient funds, was redeposited and again returned. The check of Ace, numbered 2723, for $31.93, was payable to the Gordon Hotel, signed by the defendant on behalf of Ace, and was not post-dated. The bill from the hotel, which plaintiff introduced as an exhibit, carries on it the notation "Charged to Billy Duke (one of the employees) and paid by our check No. 2723 in the amount of $31.93."

Defendant testified that he made two telephone calls to Ace about the returned check, without avail, and then took it to the courthouse where he was directed to a particular office to discuss the matter with some official whom he did not know, and that upon giving the facts within his knowledge he was advised to take out the warrant. It does not appear that defendant knew or had any reason to know that the plaintiff had any custom of writing checks for bills and putting them in a file for holding until there was sufficient money in the bank account to release them, or that this check had been removed therefrom and delivered to the hotel without plaintiff's authority.

(d) The provision of *Code Ann.* § 13-9933 that the payee of a check may, upon its dishonor, give notice to the maker by registered or certified mail and wait ten days, after which, if the check remains unpaid, take out a warrant against the maker for the issuance of a worthless check, and this procedure, if allowed, affords a conclusive presumption of probable cause and thus an absolute defense to a suit for malicious prosecution, etc., is not exclusive. Probable cause may be shown as a matter of proof even though there was no compliance with the provision as to notice and waiting for ten days.

3. The evidence is devoid of any showing of malice on the part of the prosecutor or of circumstances from which it could be inferred, an element which must be established to authorize recovery in this type of action. *Code* § 105-901; *Stuckey v.*

*Savannah, Fla. &c. R. Co.*, 102 Ga. 782 (29 SE 920) ; *O'Berry v. Davis*, 31 Ga. App. 755 (121 SE 857).

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

SUBMITTED SEPTEMBER 3, 1968—DECIDED OCTOBER 3, 1968—
REHEARING DENIED OCTOBER 18, 1968.

*J. E. Wilson,* for appellant.

*Eugene Cline, Marion W. Cornett, Jr.,* for appellees.

FELTON, Chief Judge, dissenting. I dissent from the judgment for the reason that the reasoning utilized to establish a basis for it is faulty because there is a hiatus in the defendant's proof as to how the case appeared to the defendant at the time the warrant was sworn out. This hiatus is the question whether the plaintiff issued and delivered the check to the defendant. The evidence is that he did not issue or deliver it to the defendant. Therefore the hiatus must be filled, to reach the judgment rendered, by an assumption or presumption that the plaintiff signed the check and delivered it to the person who presented it to the defendant. Such an unauthorized assumption or presumption is not authorized by the evidence in this case and it is not authorized under the 3rd division of *Code Ann.* § 13-9933 (Ga. L. 1962, p. 593) etc., because no notice was given the plaintiff of the dishonor of the check and there was no ten-day waiting period after such notice. The check in this case was retained by the defendant and paid on the third presentation to the bank on which it was drawn.