## 49217. AYALA v. SHERRER.

Per curiam.

William A. Sherrer filed a complaint against Raymond J. Ayala, alleging the defendant maliciously caused plaintiff to be prosecuted by falsely swearing out a warrant against plaintiff for a criminal act, without cause or justification, thereby causing the plaintiff to be arrested and confined in the county jail. Thereafter, the Recorder's Court of DeKalb County dismissed the charge and released the plaintiff. Damages were sought in the

amount of $100,000.

The defendant testified he obtained the facts on which he swore out the warrant from information furnished by his wife, who was driving their car at the time it was struck by a hit-and-run driver, and from information obtained by the police in their investigation of that incident. Defendant's wife stated that on November 30, 1971, she was driving home from work in their 1968 green Chevrolet and exited from I-85 on the Chamblee-Tucker ramp at approximately 4:10 p.m. As she proceeded through the Chamblee-Tucker intersection a green Chevrolet pickup truck struck the right front fender of her vehicle and proceeded down the I-85 access road toward Shallowford Road. She followed the truck at a speed of 45-50 miles per hour and was able to get close enough to record the license tag number—RE 6730. She turned around at the GEX store. On the basis of the tag number, the police ascertained the owner of the truck was the plaintiff. Both defendant and his wife testified they had never seen plaintiff before, nor personally contacted him after the accident. It was about two weeks after the incident that the defendant took out a warrant for the plaintiff's arrest.

Plaintiff testified he was the owner of a 1967 Chevrolet pickup truck. He was arrested at his home on December 16, 1971, by two police officers who examined his pickup truck, knocked on his door, said they had a warrant for his arrest and carried him to jail. He was locked up approximately 30 to 40 minutes and then was "bonded out." Afterwards, he appeared in court in DeKalb County and the case was dismissed.

Plaintiff stated that he never struck any automobile with his pickup truck and specifically denied striking a 1968 green Chevrolet automobile. He did not know defendant or his wife and only saw them in court. He never received any correspondence from them and prior to his arrest had no knowledge of any collision with defendant's automobile.

On cross examination, plaintiff admitted that on November 30, 1971, he owned a dark green pickup truck—tag number RE 6730. He got off work around 4:00 p.m. and his route home led him through the intersection

of Chamblee-Tucker Road with the access road that parallels I-85. He was waved through the intersection by a driver at approximately 4:15 to 4:30 p.m. and as he went through he felt the rear end of his truck lift up. He felt a "hump" or a "bump" and looked back to see if he ran over anything. There were rocks and limbs in the road because there was construction work going on in that area. There was no car following him when he looked back. He pulled off the road as soon as possible, about 150-200 yards, and stopped. He looked under his vehicle and then got back into his truck. He went to the GEX gas station and stopped to get gas. When he got home he examined the right side of his car and found a scratch on the right rear fender and a dent. He contacted his insurance company and reported "where it was damaged and what I figured it would take to have it fixed."

A witness for the plaintiff testified that he was traveling in front of plaintiff's car going home that day. When he saw plaintiff's car stop after going through the Chamblee-Dunwoody and I-85 access road intersection, "he figured" plaintiff was out of gas and turned around to offer help. He saw plaintiff start his truck and proceed to the GEX gas station. He saw tree limbs and debris in the intersection.

The jury returned a verdict for the plaintiff. Defendant moved for judgment notwithstanding the verdict and in the alternative a motion for a new trial. These motions were overruled. Defendant appealed to this court. As our Code requires suits founded in malicious prosecution that "[t]he prosecution must be ended before the right of action accrues" (Code § 105-806), and decisions of our appellate courts require that such "prosecution terminated favorably to the plaintiff," we certified this threshold issue to the Supreme Court of Georgia in the following question: "Where on trial the only showing made is that a criminal arrest warrant against the plaintiff was dismissed by the Recorder's Court of DeKalb County is this alone sufficient to establish that the prosecution terminated favorably to the plaintiff so as to afford the basis for a malicious prosecution action?" (Citations omitted.) The Supreme Court answered in the affirmative. *Ayala v. Sherrer,* 234

Ga. 112 (214 SE2d 548). We now turn to the remaining errors enumerated by the appellant. *Held:*

In actions alleging malicious prosecution, as its name implies, the prosecution must have arisen from malice. The mere fact that a person has been charged with a criminal offense and upon trial was acquitted would not give a right of action against the prosecutor. The plaintiff must go further and prove "the prosecution was instituted with malice and without probable cause. Unless he shows this, his action must fail. However innocent he may have been, unless he was prosecuted with malice and without probable cause, he cannot maintain his action." *Stuckey v. Savannah, Florida &c. R. Co.,* 102 Ga. 782, 784 (29 SE 920). Accord, *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453, 454 (5) (190 SE 676).

The burden of proving lack of probable cause is on the plaintiff. *Auld v. Colonial Stores,* 76 Ga. App. 329, 335 (45 SE2d 827). He does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor at the time of the prosecution, the prosecutor could have had no reasonable grounds for believing the plaintiff to be guilty of the charge for which he was prosecuted. *Turner v. Bogle,* 115 Ga. App. 710, 712 (155 SE2d 667). Accordingly, the true issue in actions for malicious prosecution is not whether the plaintiff's evidence may prove his innocence but whether the defendant's evidence showed he had reasonable cause to believe plaintiff was guilty—whether the circumstances were such as to create in the mind of the defendant a reasonable belief that there was probable cause for the prosecution. *Hartshorn v. Smith,* 104 Ga. 235, 239 (30 SE 666).

Ordinarily the decision of want of probable cause is a question for the jury. Code § 105-802. However "[t]he question of probable cause is a mixed one of law and fact," (*Gibson's Products Co. of Albany v. McDaniel,* 122 Ga. App. 264, 265 (176 SE2d 548)), and where the material facts are not in dispute, or only one reasonable inference can be drawn from the evidence, the court shall determine whether or not probable cause exists. *West v. Baumgartner,* 228 Ga. 671, 676 (187 SE2d 665). Where it is clear from the evidence that the prosecutor did have

probable cause for the prosecution of the plaintiff, a verdict for the defendant is demanded. *Barber v. Addis,* 113 Ga. App. 806 (149 SE2d 833); *Turner v. Bogle,* 115 Ga. App. 710, supra; *Morgan v. Mize,* 118 Ga. App. 534 (2b) (164 SE2d 565); *Gibson's Products Co. of Albany v. McDaniel,* 122 Ga. App. 264, 265, supra. Applying the foregoing principles to the factual situation in this case, it is clear that plaintiff did not show that at the time of the prosecution, the defendant had no reasonable grounds for believing that he was guilty of the offense charged. *West v. Baumgartner,* 228 Ga. 671, 677, supra. A verdict for the defendant was demanded, not only by the lack of evidence of the plaintiff showing want of probable cause, but from the evidence of the defendant showing existence of probable cause. The trial court erred in refusing to enter judgment n.o.v. for defendant. *Gibson's Products Co. of Albany v. McDaniel,* 122 Ga. App. 264, 265, supra.

*Judgment reversed with direction that a judgment n.o.v. be entered for the defendant. Bell, C. J., Pannell, P. J., Clark, Stolz, Webb and Marshall, JJ., concur. Deen, P. J., concurs in the judgment only. Quillian and Evans, JJ., dissent.*

ARGUED APRIL 1, 1974 — DECIDED JUNE 17, 1975 —
REHEARING DENIED JULY 16, 1975 — ▮▮▮▮▮▮▮

*Sacker & Magner, John E. Sacker, Jr.,* for appellant.
*Davis & Stringer, Robert H. Stringer, Ernest J. Nelson, Jr.,* for appellee.

ON MOTION FOR REHEARING.
"No affirmance of the judgment of the court below in cases pending in the Court of Appeals shall result from delay in disposing of questions or cases certified from the Court of Appeals to the Supreme Court, . . ." The Georgia Constitution of 1945, Art. VI, Sec. II, Par. VIII (Code Ann. § 2-3708).
*Rehearing denied.*

QUILLIAN, Judge, dissenting.
Under CPA § 50 (e) (Code Ann. § 81A-150 (e); Ga. L.

1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248), in order "to meet the ends of justice under the facts of the case" a new trial should be granted (see *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453 (190 SE 676)), rather than a judgment notwithstanding the verdict.

I am authorized to state that Judge Evans concurs in this dissent.