## 59524. HILL v. TREND CARPET.

BANKE, Judge.

This is an appeal from a directed verdict for the defendant, Trend Carpet, in a malicious prosecution suit. The plaintiff, a former employee of Trend Carpet, was indicted but later acquitted by a jury on a charge of stealing carpet from the company. In addition to the malicious prosecution claim, the plaintiff originally asserted claims for back salary, retirement benefits, and slander, as well; however, these claims are no longer at issue.

The criminal charges against the plaintiff resulted from the defendant's investigation of a reported scheme by four employees to convert carpeting from the company's inventory and sell it directly to customers by means of falsified invoices. The company called police into the investigation after two employees in the shipping department were caught accepting a $3,200 cash payment from a purported customer who was actually a private investigator working for the company. The two employees admitted their involvement in the scheme and also implicated the plaintiff and a fourth employee named Cook, telling police that they were scheduled to meet Cook at a restaurant the next morning to give him half of the proceeds, or $1,600. The two were allowed to keep the appointment, and Cook was arrested immediately upon accepting the money.

Cook also cooperated with police, telling them that he was scheduled to meet with the plaintiff that day to give him his share. The police thereupon obtained a warrant for the plaintiff's arrest. Although the defendant took no direct part in the decision to arrest, indict or prosecute the plaintiff, it did support the prosecution by hiring a special prosecutor to assist the district attorney's office. The other three employees entered guilty pleas. *Held:*

1. "In an action to recover damages for an alleged malicious criminal prosecution, the plaintiff carries the burden of proving not only that such prosecution was maliciously carried on, but also that it was carried on without any probable cause." *Darnell v. Shirley,* 31 Ga. App. 764 (1) (122 SE 252) (1924). See Code § 105-801. The grand jury's return of the indictment against the plaintiff is prima facie but not conclusive evidence that probable cause existed for the prosecution. *Darnell v. Shirley,* supra, at 765 (7) (a). In addition, the defendant put forth considerable evidence indicating that the plaintiff played a central role in the conspiracy. The plaintiff offered nothing to rebut this evidence of probable cause. He merely offered an explanation for his conduct which was consistent with his innocence. It is undisputed, however, that his first attempt at such

an explanation occurred when he took the witness stand at his criminal trial. Thus, all the information available to the defendant at the inception of that trial pointed to the plaintiff's guilt, and there is nothing which would support an inference that the defendant acted out of malice at any state of the investigation or prosecution. For these reasons, we hold that the trial court was correct in directing a verdict for the defendant. Accord, *Morgan v. Mize,* 118 Ga. App. 534 (3) (164 SE2d 565) (1968); *Brown v. Scott,* 151 Ga. App. 366 (3) (259 SE2d 642) (1979).

2. The remaining enumerations of error concern evidentiary rulings which are rendered moot by the foregoing.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED MARCH 11, 1980 — DECIDED APRIL 7, 1980.

*John E. Sawhill, III,* for appellant.
*James D. Maddox, Robert M. Travis,* for appellee.