76215. MORGAN v. COLEMAN.
(366 SE2d 427)

DEEN, Presiding Judge.

The appellant, Robert Morgan, rented a residence from the appellee, Daniel Coleman, from September 1977 through March 1979. When Morgan vacated the premises, Coleman unsuccessfully sued him for damages to the premises. During that civil proceeding, however, Morgan acknowledged that he had punched a hole through the bathroom door with his fist. Subsequently, Coleman swore out a warrant for criminal trespass against Morgan. This charge was eventually dismissed, and Morgan then commenced this malicious prosecution action against Coleman. Coleman moved for summary judgment on the basis that no genuine issue of fact existed over the element of probable cause. The trial court granted that motion, and Morgan appeals. *Held*:

Morgan contends that, notwithstanding his admission that he had punched a hole through the bathroom door, an issue of fact over probable cause existed because he denied having any intent to damage the property. However, "[t]he overriding question in actions for malicious prosecution is not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable

belief that there was probable cause for the prosecution. *Tanner-Brice Co. v. Barrs*, 55 Ga. App. 453 (2) (190 SE 676). In such prosecutions, the burden of proving want of probable cause is on the plaintiff. *Auld v. Colonial Stores*, 76 Ga. App. 329, 335 (45 SE2d 827). This burden is not carried in any reasonable sense unless the plaintiff shows that under the facts as they appeared to the prosecutor at the time of the prosecution, that the defendant could have had no reasonable grounds for believing the plaintiff to be guilty of the charge brought. *Barber v. Addis*, 113 Ga. App. 806 (1) (149 SE2d 833)." *Fisher v. Ky. Fried Chicken*, 175 Ga. App. 542, 545 (333 SE2d 877) (1985). In the instant case, the trial court properly concluded that Morgan's admission about punching the hole in the bathroom door provided Coleman with a reasonable basis for believing that Morgan was guilty of criminal trespass.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 29, 1988.

*Charles J. Vrono*, for appellant.
Daniel A. Coleman, *pro se*.