REVISED AUGUST 5, 2002

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 01-11118**
_____

**CARLOS H. REYES-MATA,**

**Plaintiff - Counter Defendant - Appellee,**

**VERSUS**

**IBP, INC.,**

**Defendant - Counter Claimant - Appellant.**

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

July 22, 2002

Before DAVIS, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:

Carlos Reyes-Mata was injured when a beef carcass and shackle fell from a gravity rail conveyor system and struck him in the head. The injury occurred while Reyes-Mata was working at a beef processing facility in Amarillo, Texas. He sued his employer IBP, Inc. in federal district court for common-law negligence and statutory negligence. A jury awarded Reyes-Mata a total of

$110,912 in damages and the district court entered judgment for Reyes-Mata and awarded pre-judgment interest on the entire verdict in the amount of $24,707.07. IBP now appeals claiming that the jury charge was erroneous and that the district court erred by allowing prejudgment interest.

The jury charge submitted states, in relevant part:

"Negligence" means failure to use ordinary care to provide a safe workplace and to reduce or eliminate an unreasonable risk of harm created by the condition or use of a workplace equipment or procedures, that is, by failing to do that which an employer of ordinary prudence would have done under the same or similar circumstances. "Ordinary care" means that degree of care that would be used by an employer of ordinary prudence under the same or similar circumstances.

The mere occurrence of an event causing injury is not evidence of negligence. An occurrence may be an "unavoidable accident," that is, an event not proximately caused by the negligence of any party to it.

While an employer is not the insurer of its employees' safety at work, an employer does have a continuing and nondelegable duty to use ordinary care in providing a safe workplace for its employees. Under this duty, each employer shall:

1) provide and maintain employment and a place of employment that is reasonably safe and healthful for employees;

2) install, maintain, and use methods, processes, devices, and safeguards, including methods of sanitation and hygiene, that are reasonably necessary to protect the life, health, and safety of the employer's employees; and

3) take all other actions that are reasonably necessary to make the employment and place of employment safe.

You are instructed that while an employer has a duty to warn employees of known dangers and to make reasonable

2

inspections to see that workplace equipment does not become defective, an employer cannot be held liable for latent defects in the workplace, that is, defects that are not known by an employer and could not be revealed by the exercise of ordinary care.

You are instructed that the Plaintiff must show more than that the Defendant merely furnished a condition in the workplace that made the injury possible. That is, Plaintiff must show that the Defendant in furnishing the condition failed to do that which an employer of ordinary prudence would have done under the same or similar circumstances, or did that which an employer of ordinary prudence would not have done under the same or similar circumstances.

IBP proffered to the district court what it believed to be a correct instruction for premises liability only. The district court overruled IBP's objection and submitted its jury charge. The jury returned a verdict for Reyes-Mata for $5,000 for physical pain and mental anguish, $912 for loss of earning capacity, $5,000 for physical and mental impairment and $100,000 for future medical expenses. The district court entered judgment against IBP for $110,912 and also awarded $24,707.07 in prejudgment interest.

This Court recognizes that the district court has broad discretion in formulating the jury charge, and, therefore, reviews those instructions with great deference. *Deines v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 279 (5th Cir. 1999). A challenge to a jury instruction "must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Mooney v. Aramco Servs., Inc.*, 54 F.3d 1207, 1216 (5th Cir. 1995). "However,

3

even erroneous jury instructions will not require reversal if based upon the entire record the challenged instruction could not have affected the outcome of the case." *Deines*, 164 F.3d at 279.

IBP claims that the jury instruction is erroneous because it is not limited to a premises liability claim. The Texas Supreme Court has stated that to recover on a negligent activity theory, the injured party must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). That court refused, however, to eliminate all distinctions between premises conditions and negligent activities. *Id.* Indeed, in *Wal-Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745 (Tex.App.–San Antonio 1998, no pet.), the court stated that liability for an injury on business premises can be found under either a premises condition theory or a negligent activity theory. *Id.* at 746. Also, in Texas, trial courts are given deference in their decisions as to what charge the jury receives. *Wyler Indus. Works, Inc. v. Garcia*, 999 S.W.2d 494, 510-11 (Tex.App.–El Paso 1999, no. pet.). After reviewing the record, we find that the district court in the present case did not err in formulating the jury instructions and we therefore give deference to its decision.

This Court reviews a district court's award of prejudgment interest for an abuse of discretion. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 478 (5th Cir. 2001). Under

4

§ 304.102 of the Texas Finance Code, "A judgment in a wrongful death, personal injury, or property damage case earns prejudgment interest." The Texas Supreme Court has held that this provision entitles a plaintiff to prejudgment interest on its entire judgment including future damages because the statute makes no distinction between damages awarded in judgment for past damages and damages awarded for future damages. *C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 324 (Tex. 1994) (referring to § 304.102's precursor statute Tex. Rev. Civ. Stat. Ann. art. 5069-1.05, § 6). In the past, this Court has upheld an award for prejudgment interest on future medical damages when it found that the Alaska Supreme Court (the state whose law controlled in that matter) endorsed such awards. *Carlton v. H.C. Price Co.*, 640 F.2d 573, 575-76 (5th Cir. 1981).

IBP argues first that, though, the Texas Legislature may have passed a statute that endorses prejudgment interest awards on all damages including future damages, this Court should recognize that future medicals are an economic rather than physical damage. As such, IBP avers that *Casteel v. Crown Life Ins.*, 3 S.W.3d 582 (Tex.App.–Austin 1997), *aff'd in part & rev'd in part, vacated in part & remanded on other grounds*, 22 S.W.3d 378 (Tex. 1998), should apply. This conclusion is not supported by the decision in *C & H Nationwide*, however, and that case made no such distinction. In fact, *Casteel* relies in part on *Cavnar v. Quality Control Parking,*

5

*Inc.*, 696 S.W.2d 549, (Tex. 1985), but that case was recognized as having been modified by statute in *C & H Nationwide*. *C & H Nationwide*, 903 S.W.2d at 324. Though IBP argues that, as a matter of policy, plaintiffs should not be entitled to damages that they have not yet incurred, "[t]he purpose of prejudgment interest recognizes that the injured party was injured at the moment the cause of action accrued, and that the injured party is entitled to be made whole as of that moment. Thus the purpose of prejudgment interest is to put a plaintiff in the position he would have been in had he had his trial and recovered his judgment immediately after his injury." *Carlton*, 640 F.2d at 576. Therefore, under a plain reading of the statute, plaintiffs are allowed to collect prejudgment interest on all damages when the case is a personal injury case. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530 (Tex. 1998).

IBP also raise claims that the prejudgment interest statute is unconstitutional because it violates their substantive due process rights, because it violates their right to a jury trial and because it violates their right to be free from excessive fines. Many of these arguments, however, rely on this Court believing IBP's argument that the prejudgment interest awarded on future medical expenses is really a fine. As already explained above, prejudgment interest is not a fine but a recognition that, had the plaintiff recovered immediately, they would have had the entire amount of

money to use as they pleased. Additionally, IBP's substantive due process arguments were already dealt with by the Texas Supreme Court in *C & H Nationwide*. There, the court noted that the statute need only be rationally related to a legitimate state interest. *C & H Nationwide*, 903 S.W.2d at 326 (citing *Moore v. City of East Cleveland*, 431 U.S. 494, 498-99 & n.6 (1977)). The court concluded that this test was met because the statute related to fully compensating the plaintiff as well as expediting settlements and trials. *Id.* IBP's other two arguments both rely on IBP's assumption that prejudgment interest is a fine. IBP seems to think that it has somehow been denied a trial by jury because a court imposed prejudgment interest, but a trial was already held for liability and damages. The interest accrued is based on damages already found by a jury, so IBP can not now claim that it was denied a trial by jury. IBP's final argument that the prejudgment interest imposes an excessive fine is also without merit. IBP has failed to demonstrate that it has been fined or that the interest imposed was oppressive in light of the judgment.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and for the reasons set forth above,

7

we conclude that the district court did not err in submitting its jury instructions or in awarding prejudgment interest. We therefore AFFIRM the district court's decision.

**AFFIRMED**.