**J.A. McDONALD, INC., Plaintiff,**

v.

**WASTE SYSTEMS INTERNATIONAL MORETOWN LANDFILL, INC., Defendant.**

No. 2:99–CV–172.

United States District Court, D. Vermont.

Dec. 2, 2002.

Eric Gustaf Parker, Esq., Bauer, Anderson & Gravel, Burlington, VT, W. John Amerling, Esq., A. Robert Ruesch, Esq., Neal F. Pratt, Esq., Verrill & Dana, Portland, ME, for plaintiff.

Samuel Hoar, Jr., Esq., Dinse, Knapp & McAndrew, P.C., Burlington, VT, Mark A. Berthiaume, Seyfarth Shaw, World Trade Center East, Boston, MA, for defendant.

### OPINION AND ORDER

SESSIONS, Chief Judge.

J.A. McDonald, Inc. ("McDonald") submitted an application to the Court for taxation of costs, pursuant to Fed.R.Civ.P. 54(d), and prejudgment interest, calculated pursuant to Vt. Stat. Ann. tit. 9, § 41a(a), following entry of judgment in its favor against Waste Systems International Moretown Landfill, Inc. ("WSI"). On October 4, 2002, after McDonald's reply to WSI's opposition to the application for taxation of costs and prejudgment interest was filed, WSI submitted a supplemental response raising new issues related to the appropriateness of the application. On October 7, 2002, the Clerk of the Court taxed costs in the amount of $24,631.49, pursuant to 28 U.S.C. § 1920, but referred consideration of prejudgment interest to the Court. The Clerk did not address WSI's supplemental response in taxing the costs. WSI then filed a motion, pursuant to Fed. R.Civ.P. 54(d)(1), to disallow the Clerk's taxation of costs. It cited its previous opposition to the application for taxation of costs and its supplemental response to the same as the grounds for the motion. For the reasons described below the Court **DENIES** WSI's motion to disallow taxation of costs and **DENIES** McDonald's motion for prejudgment interest.

### I. Motion to Disallow Taxation of Costs

Rule 54(d)(1) provides for review of the Clerk's taxation of costs by motion served

within 5 days after the taxation. Fed. R.Civ.P. 54(d)(1). WSI's motion was timely filed under this rule. Because WSI has filed a separate motion and the arguments were not addressed by the Clerk in the taxation of costs, the Court will consider them now.

■ WSI's motion to disallow the costs relies on the terms of the Stipulation and Order for Relief from Stay ("Stipulation") between the parties. Under the Stipulation, McDonald is "granted relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code in order to pursue the Pending Litigation[1] ... [and] may proceed to enforce any judgment obtained ... against Payment Bond No. 127647[2] in the initial amount of $3,353,238.81 issued by Frontier Insurance Company." Stipulation ¶ 1.b (footnotes added). However, "any other enforcement actions" by McDonald continue to be subject to the automatic stay. *Id.* The Stipulation further provides that "[u]pon final, non-appealable adjudication of the Pending Litigation," McDonald "shall" have an allowed claim in the bankruptcy proceeding for any amount that its judgment in the Pending Litigation exceeds recovery under the Frontier Insurance Company ("Frontier") payment bond. *Id.* ¶ 2.

WSI argues, in essence, that this Court does not have jurisdiction to consider McDonald's request for taxation of costs because it constitutes a separate enforcement action still subject to the stay.[3] Taxation of costs, however, is routine and such costs are arguably an inherent part of any civil judgment. Under Rule 54(d)(1) costs "shall be allowed as of course to the prevailing party." Fed.R.Civ.P. 54(d)(1). A motion for costs under Rule 54(d)(1) cannot be considered a separate action by McDonald. Moreover, the terms of the Stipulation in no way suggest that the parties intended to limit this Court's practice of awarding costs.

Nor is the taxation of costs contrary to underlying bankruptcy policy. WSI argues that awarding costs is unfair because when claims litigation is handled through the Bankruptcy Court, general unsecured creditors are generally not awarded costs.[4] According to WSI, no general unsecured creditor has been awarded such costs in claims litigated in WSI's bankruptcy case. Again, the Stipulation does not suggest that the parties intended this Court to be limited by the rules or policies of the Bankruptcy Court in exercising its jurisdiction over the Pending Litigation. Moreover, WSI's concerns about unfairness are unwarranted. Should any portion

1. "Pending Litigation" is defined as that litigation between the parties "involving contract disputes pending in the United States District Court for the District of Vermont, Civil Action No. 2–99–CV–172." Stipulation ¶ A.

2. According to McDonald, the payment bond litigation will be pursued in a New York State administrative proceeding.

3. WSI also argues that the application for taxation of costs and for prejudgment interest violates the Order Confirming Debtor's Second Amended Joint Plan of Reorganization, Dated May 3, 2002, as modified (the "Plan Confirmation Order") entered in WSI's bank-

ruptcy case. According to WSI, Paragraph 20 of the Plan Confirmation Order, a copy of which has not been provided to the Court, "enjoins McDonald from taking any action to collect or enforce claims arising prior to the effective date of the Plan on June 28, 2002." Def.'s Suppl. Response ¶ 8. There is no indication that the Plan Confirmation Order overrides the Stipulation. WSI's reliance on the Plan Confirmation Order is thus unavailing because, as discussed below, McDonald's attempt to collect costs is not a separate enforcement action outside the Stipulation.

4. A bankruptcy court *may* award costs to the prevailing party, however. Fed. R. Bankr.P. 7054(b).

of McDonald's final judgment remain unfulfilled by Frontier's payment bond, McDonald may pursue its claims against WSI only through WSI's confirmed plan of reorganization. If WSI feels that some portion of the claim is unfair or contrary to bankruptcy policy, it may raise this objection with the Trustee or the Bankruptcy Court.[5]

To the extent that WSI also challenges the request for prejudgment interest based on the terms of the Stipulation, similar reasoning refutes this challenge. Prejudgment interest is considered part of a civil judgment, and a request for it does not constitute a separate enforcement action. "[P]rejudgment interest on any type of claim is 'an element of [the plaintiff's] complete compensation.'" *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 137 (2d Cir.2000) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)); *accord City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995) (prejudgment interest "ensure[s] that an injured party is fully compensated for its loss."). Moreover, a postjudgment motion for prejudgment interest is treated as a motion to reconsider or amend a judgment and extends the parties' time for appeal. *Jones*, 223 F.3d at 137–38. Thus, in this case no final and non-appealable judgment has yet been entered and McDonald is free, under the terms of the Stipulation, to seek costs and prejudgment interest.

## II. Prejudgment Interest

WSI first argues that McDonald's request for prejudgment interest should be denied because it appears to have been brought pursuant to Rule 54(d) as part of the application for taxation of costs. WSI is correct that Rule 59(e), governing motions to alter or amend judgment, is the proper basis for bringing a request for prejudgment interest. *See Osterneck*, 489 U.S. at 175–76 & n. 3, 109 S.Ct. 987. However, even where a different rule is cited, courts presume that Rule 59(e) is the basis for such a motion and this Court will do the same. *Id.* at 175, 109 S.Ct. 987 ("a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)"); *Jones*, 223 F.3d at 138. McDonald's request was filed within 10 days of the entry of judgment, thus it is timely under Rule 59(e).

WSI also argues that the request cannot be granted because McDonald did not include a request for prejudgment interest in its complaint. However, when prejudgment interest is authorized under the substantive law, Rule 54(c) permits a court to award it where it has not been demanded in the pleadings. *O'Hare v. Gen. Marine Transp. Corp.*, 740 F.2d 160, 171 (2d Cir.1984); *Newburger, Loeb & Co. v. Gross*, 611 F.2d 423, 432–33 (2d Cir. 1979); *see also* Fed.R.Civ.P. 54(c) ("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings"); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 2664 (1998). Moreover, in this case McDonald demanded prejudgment interest pursuant to the penalty provisions of the Vermont Prompt Payment Act, Vt. Stat. Ann tit. 9, §§ 4002(d), 4007(b). Thus, WSI was on notice from the start that prejudgment interest could come into play.

---

**5.** Moreover, if the Court were to decline to tax costs and prejudgment interest, McDonald might be prevented from asserting a full claim against Frontier as surety for WSI. Assuming such costs are covered by the payment bond, this result would in fact be unfair to McDonald.

■ Similarly, WSI's argument that the issue of prejudgment interest should have been submitted to the jury is unconvincing. McDonald's claim for interest is based on Vermont law. The courts that have considered this issue have held that a court sitting in diversity may, pursuant to state law, add prejudgment interest to a jury award without violating the Seventh Amendment right to jury trial. *See Reyes–Mata v. IBP, Inc.,* 299 F.3d 504, 508 (5th Cir.2002) (where the interest was based on damages found by jury, jury trial rights were not violated); *Brocklesby v. United States,* 767 F.2d 1288, 1298 (9th Cir.1985) (where statute provided for prejudgment interest on damages certain or capable of being made certain by calculation, prejudgment interest was a question of law); *see also Younis Bros. & Co., Inc. v. CIGNA Worldwide Ins. Co.,* 882 F.Supp. 1468, 1475 (E.D Pa.1994) (prejudgment interest not implicated by Seventh Amendment because it is an equitable remedy that did not exist at common law). WSI's jury trial rights were met in this case when it received jury determination on liability and damages. *See Reyes–Mata,* 299 F.3d at 508; *Brocklesby,* 767 F.2d at 1298.

■ The Court now turns to the question of whether prejudgment interest is appropriate in this case. Vermont law⁶ provides for the award of prejudgment interest as part of a judgment. Vt. R. Civ. P. 54(a) (monetary judgments "shall include the principal amount found to be due, [and] all interest accrued on that amount up to and including the date of entry of judgment"); *see also Estate of Fleming v. Nicholson,* 168 Vt. 495, 502–03, 724 A.2d 1026, 1031 (1998) (prejudgment interest "should generally be made available to plaintiffs where there has been a delay in judgment") (citing Vt. R. Civ. P.

54(a)). It is awarded as of right " 'when the principal sum recovered is liquidated or capable of ready ascertainment' " at the time of breach or default. *Bull v. Pinkham Eng'g Assocs., Inc.,* 170 Vt. 450, 463, 752 A.2d 26, 36 (2000) (quoting *Newport Sand & Gravel Co. v. Miller Concrete Constr., Inc.,* 159 Vt. 66, 71, 614 A.2d 395, 398 (1992)). "The principal rationale for an award of prejudgment interest as of right is that, where damages are liquidated and determinable by a reasonably certain standard of measurement, the defendant can avoid the accrual of interest by simply tendering to the plaintiff a sum equal to the amount of damages." *Agency of Natural Res. v. Glens Falls Ins. Co.,* 169 Vt. 426, 435, 736 A.2d 768, 774 (1999) (quotations and emphasis omitted). Where prejudgment interest is not required as of right, a court has discretion to grant it in order to avoid injustice. *Id.; Nicholson,* 168 Vt. 495, 500, 724 A.2d 1026, 1029 (1998).

■ McDonald argues that it should receive prejudgment interest as of right on the entire award because it sent invoices to WSI for the amounts due for labor, materials, and equipment provided, making these damages readily ascertainable to WSI at the time the default occurred. McDonald also argues that the amount of damages was not contested by WSI during the trial. There was dispute, however, between the parties over the amount, if any, due McDonald based on recalculation of ledge removed and of the price to be paid for the clay supplied. In addition, WSI called into question the propriety of McDonald's lost profit and unabsorbed overhead calculations, including the estimates for Jim McDonald's time. Complicating the analysis is the fact that it is unclear which damages the jury compen-

6. Vermont law governs the award of prejudgment interest in this diversity case. *Campbell*

*v. Metro. Prop. & Cas. Ins. Co.,* 239 F.3d 179, 186 (2d Cir.2001).

sated McDonald for in its *quantum meruit* and breach of contract awards. The Court cannot determine whether these awards compensated McDonald for undisputed invoiced amounts, such as the retainage and the materials and services for which contract unit prices existed, or the disputed ledge, clay, and lost profit amounts. Accordingly, the Court does not agree that the jury's award represented amounts readily ascertainable at the time of the default. Prejudgment interest is not due to McDonald as of right. *See Agency of Natural Res.*, 169 Vt. at 435, 736 A.2d at 774 (party not entitled to prejudgment interest as of right where the amount of damages were the subject of considerable uncertainty and dispute); *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 141, 636 A.2d 744, 752 (1993) (prejudgment interest not due as of right where the damages were not readily ascertainable and were subject to conflicting expert testimony, and where the parties disputed how the jury had arrived at the damages award).

 In the exercise of its discretion, the Court is also unable to award prejudgment interest. McDonald argues that such an award is necessary to prevent injustice because the jury's award did not address the time value of the money withheld. However, a court may use its discretion to award prejudgment interest only where a reasonable and established method can be used to calculate the prejudgment interest. *Nicholson*, 168 Vt. at 503, 724 A.2d at 1032. In this case a reasonable calculation is not possible. A number of McDonald's claimed damages do not create an appropriate basis for a prejudgment interest award[7] and the Court has

7. For example, the $122,255 termination claim by RTD, McDonald's landfill liner subcontractor, was not paid by McDonald, and thus McDonald did not incur any loss of the use of this sum as a result of WSI's breach. McDonald also sought recovery of $18,837 for

no way of knowing whether these damages were included in the jury's award. As a result, any determination of prejudgment interest on the award would be speculative and unreasonable. McDonald's request for prejudgment interest is therefore denied.

### III. Conclusion

Wherefore, WSI's motion to disallow taxation of costs is **DENIED** and McDonald's request for prejudgment interest is **DENIED**.

Jim McDonald's supervisory time twice, once as unabsorbed overhead cost and once as a separate invoiced expenditure. It would be unfair for McDonald to receive this amount, or prejudgment interest on it, twice.